IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**RONALD RAY MASSEY,**

    **Plaintiff,**

**v.**

**NASHVILLE LIMO BUS, LLC AND
TRACY DUANE McMURTRY,**

    **Defendants.**

**No.: _____**

**JURY DEMANDED**

## COMPLAINT

PLAINTIFF, Ronald Ray Massey, brings this action against the Defendants. He shows the following.

### I. PARTIES, JURISDICTION, AND VENUE

1.	This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2.	The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over the Plaintiff and Defendant Tracy Duane McMurtry, both of whom are residents of the State of Tennessee. In addition, the Court has personal jurisdiction over Nashville Limo Bus, LLC, who does business in the State of Tennessee.

3.	Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because a substantial part of the alleged events or omissions giving rise to this action occurred in this district and Nashville Limo Bus, LLC does business in this district.

4.	Plaintiff is a former employee of Nashville Limo Bus, LLC. Tracy Duane McMurtry is the General Manager and sole owner of Nashville Limo Bus, LLC (hereinafter collectively

referred to as "Defendants").  During his employment with Defendants, Plaintiff was a covered employee under the FLSA.

5. Nashville Limo Bus, LLC is a business engaged in commercial enterprise.  It is a covered employer under the FLSA.  Defendant McMurtry is also an "employer" under the FLSA and exhibits sufficient control over Defendant Nashville Limo Bus, LLC's business and wage and hour operations to subject him to individual liability under the FLSA.

## II. FACTUAL BASIS FOR SUIT

6. Plaintiff was employed by Defendants, from September of 2009 until August of 2011.  All acts complained of occurred both within the two year and three statutes of limitation under the FLSA.

7. During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

8. Plaintiff was a non-exempt employee under the FLSA.  Such employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40).  29 C.F.R. § 778.101.  Likewise, Plaintiff was entitled to a federally guaranteed minimum wage under the FLSA.

9. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

10. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40 during a workweek.  Likewise, Defendants did not pay Plaintiff the federally guaranteed minimum wage.  Instead, Defendants treated Plaintiff as an "independent contractor."

2

Defendants did not take federally required withholdings from Plaintiff's pay, did not pay him overtime, did not pay him minimum wage, and gave him an IRS 1099 at the end of the year. Defendants did this in an attempt to avoid paying the minimum wage, overtime and payroll taxes that Defendants are required by federal law to pay.

11. Plaintiff was not an independent contractor.

12. Plaintiff's job duties were an integral part of Defendants' business.

13. Plaintiff did not work for any other employer during his employment with Defendants. Indeed, the number of hours Plaintiff worked precluded him from the opportunity to work for any other such company.

14. Defendants exercised control over the terms and conditions of Plaintiff's employment.

15. Defendants instructed Plaintiff when to work and what work to perform.

16. Plaintiff did not handle any of the billing, purchasing, scheduling, or business tasks. Plaintiff simply worked at Defendants' instruction.

17. Plaintiff, and others similarly situated, did not have the opportunity to compete with each other in open market competition.

18. Defendants' intentional failure to pay Plaintiff overtime wages are willful violations of the FLSA.

### III.  CAUSES OF ACTION

19. The forgoing facts are incorporated by reference as if fully stated herein.

20. Plaintiff demands a jury.

21. Plaintiff brings the following claims:

>   (a) Willful failure to pay minimum wages and overtime wages in violation of the

Fair Labor Standards Act of 1938; and

(b) Unjust enrichment for failure to pay payroll taxes.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

22. A declaratory judgment that Defendants violated the minimum wage and overtime provisions of the FLSA;

23. A declaratory judgment that Defendants' violations of the FLSA were willful;

24. An award to Plaintiff in the amount of unpaid overtime compensation unpaid payroll taxes to be proven at trial;

25. An award to Plaintiff of liquidated damages in an amount equal to the overtime and minimum wage compensation shown to be owed to him pursuant to 29 U.S.C. § 216(b);

26. An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

27. An award to Plaintiff with the taxes paid by Plaintiff that should have been incurred by Defendants; and

28. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

s/Michael L. Russell
MICHAEL L. RUSSELL (20268)
1616 Westgate Circle
Suite 228
Brentwood, Tennessee 37027
615-354-1144
mrussell@gilbertfirm.com

4

CLINTON H. SCOTT (23008)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*